IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| P.W., a minor; | : | No. 3:09cv480 |
| J.W. Individually and as Parent | : | |
| and Natural Guardian of P.W.; | : | (Judge Munley) |
| and PATRICIA W., Individually | : | |
| and as Parent and Natural | : | |
| Guardian of P.W., | : | |
|     Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE VALLEY SCHOOL | : | |
| DISTRICT; and | : | |
| PENNSYLVANIA DEPARTMENT | : | |
| OF EDUCATION, | : | |
|     Defendants | : | |

## MEMORANDUM

Before the court are defendants' motions to dismiss the plaintiffs' complaint. (Docs. 14, 19). Having been fully briefed, the matters are ripe for disposition.

**Background**

This case arises out of the provision of education for minor plaintiff P.W. pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq. That act requires that school districts provide a free appropriate public education ("FAPE") to qualified disabled children. See 20 U.S.C. § 1415. According to the amended complaint, P.W. is a disabled student diagnosed with mental retardation and autism. (Amended Complaint (Doc. 11) (hereinafter "Complt") at ¶ 18). He is otherwise eligible to receive services through the Defendant Delaware

Valley Schoool District (the "District"). (Id. at ¶ 19).

On July 2, 2008, plaintiffs filed a complaint with the Defendant Delaware Valley School District and the Office of Dispute Resolution ("ODR"), an independent agency of the Defendant Department of Education ("the Department" or "PDE"). The complaint alleged that the district had failed to provide P.W. a free appropriate public education in violation of federal law. (Id. at ¶ 20). An ODR hearing officer held a special education due process hearing at the school district on November 20-21, 2008. (Id. at ¶ 21). The officer rendered a decision on December 20, 2008, finding that the school district failed to provide a FAPE. (Id. at ¶ 22). The officer also found that P.W. was entitled to 132 hours of compensatory education because of this failure. (Id. at ¶ 23). This failure to provide FAPE, plaintiffs allege, meant that plaintiff was denied a meaningful educational benefit. (Id. at ¶ 24).

The Pennsylvania Department of Education had provided direct supervision and monitoring of P.W. for the district in the previous school year. (Id. at ¶ 25). The quality of this supervision is in dispute in another lawsuit before the undersigned judge. (Id.). Plaintiffs allege that PDE violated the IDEA by failing to monitor and supervise instruction of P.W. during the 2007-2008 school year. (Id. At ¶ 26).

Plaintiffs filed a complaint in this court on March 16, 2009. (See Doc. 1). After being served with the complaint, both the PDE and the District filed motions to dismiss the action. (See Docs. 5, 8). Before the parties completed briefing those motions, plaintiffs filed an amended complaint on June 4, 2009. (See Doc. 11). The amended complaint raises five causes of action. Count I alleges that the school

2

district violated Section 504 of the Rehabilitation Act by discriminating against P.W. because of his disability. Count II raises a discrimination claim pursuant to the Americans with Disabilities Act and a 42 U.S.C. § 1983 claim against the District. Count III alleges that the Department violated the IDEA by failing to supervise, monitor and enforce P.W.'s educational rights. Count IV accuses the Department of discrimination in violation of Section 504. Count V is a demand for attorney's fees pursuant to the IDEA, Section 504 and Section 1983. The defendants filed motions to dismiss that amended complaint and the parties briefed the issues, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to federal statutes, the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). When a defendant files such a motion, all well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3d Cir. 1988) (citing Estate of Bailey by Oare v. County of York, 768 F.3d 503, 506 (3d Cir. 1985), (quoting Helstoski v. Goldstein, 552 F.2d 564, 565 (3d Cir. 1977) (per curium)). The court may also consider "matters of

3

public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" a standard which "does not require 'detailed factual allegations,'" but a plaintiff must make "'a showing, rather than a blanket assertion, of entitlement to relief' that rises 'above the speculative level.'" McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Id.

**Discussion**

Both the District and the Department have filed motions to dismiss. The court will address each in turn.

### A. The Statutory Background

Initially, the court will provide a brief overview of the various statutes invoked

4

by the plaintiff. As noted above, plaintiffs have brought suit pursuant to the IDEA. The purpose of the IDEA is to "assure that all handicapped children have available to them ... a free appropriate public education." 20 U.S.C. § 1400(c). In order to receive federal funding to aid in the education of the disabled, states must provide programs that comply with IDEA requirements. 20 U.S.C. § 1412. Included in the requirements is that the state must have in effect "a policy that assures all children with disabilities the right to a free appropriate public education." 20 U.S.C. § 1412(1).

The congressional goal of providing a free appropriate education is implemented through the use of an IEP, which is established for each disabled child. 20 U.S.C. § 1412(4). The IEP is developed by the parents, representatives of the school and where appropriate, the disabled child. 20 U.S.C. § 1414(b). It sets out "the child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designed instruction and services that will enable the child to meet those objectives." Honig v. Doe, 484 U.S. 305, 311 (1988). A yearly review of the IEP is performed to determine if any revisions are necessary to provide a free and appropriate education to each child's unique needs. Id.

The student's action also involves a claim made pursuant to section 504 of the Rehabilitation Act, 29 U.S.C. § 729 (hereinafter "section 504" or "RA"). This statute prohibits discrimination against the disabled in federally funded programs. Specifically, the law provides:

> No otherwise qualified individual with a disability in the

5

> United States, as defined in section 706(8) of this title, shall, solely by reason of her or his disability be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]

29 U.S.C. § 794(a).

The IDEA and section 504 provide equivalent requirements. The IDEA provides an affirmative duty to provide education, whereas the Section 504 of the Rehabilitation Act prohibits discrimination against the disabled. W.B. v. Matula, 67 F.3d 484, 492-93 (3d Cir.1995).

The third act involved in the claim is the ADA. Like section 504, the ADA prohibits discrimination against the disabled.

The final statutory claim made by the student is filed pursuant to 42 U.S.C. § 1983 (hereinafter "section 1983"). Section 1983 is not a source of substantive rights, but is rather, a means to redress deprivation by state officials of rights secured by the United States Constitution or certain federal statutes. Matula, 67 F.3d at 493. Section 1983 may be used to remedy a violation of the IDEA. Id. at 494.

Bearing these various statutes in mind, the court will now address the issues raised in defendants' motions.

### B. The Department's Motion

The Department seeks to dismiss counts III, IV and V. The Department argues that plaintiff's complaint contains insufficient factual allegations to support either of plaintiffs' claims against it. Citing to the Supreme Court's recent decision in

6

Ascroft v. Iqbal, ___ U.S. ___,129 S. Ct. 1937 (2009), defendant argues that plaintiffs' claims must fail because they represent mere conclusory allegations that do little more than state the elements of a claim under the IDEA and Rehabilitation Act. Such pleading fails to provide factual matter sufficient to "state a claim to relief that is plausible on its face," as the Supreme Court's new pleading standards require.

### i. Rehabilitation Act

The Department argues that plaintiffs' RA claim must be dismissed because plaintiffs have not alleged that PDE discriminated against him solely because of his disability. The allegations against the Department are merely conclusory and "skeletal" and cannot survive the Iqbal standard.

The Third Circuit Court of Appeals has held that the elements a plaintiff must establish to prove an RA claim in the area of education of individuals with disabilities are:

> "(1) he is 'disabled' as defined by the Act; (2) he is 'otherwise qualified' to participate in school activities; (3) the school or the board of education receives federal financial assistance; and (4) he was excluded from participation in, denied the benefits of, or subject to discrimination at, the school." Andrew M. v. Delaware County Office of Mental Health and Mental Retardation, 490 F.3d 337, 350 (3d Cir. 2007)(quoting Ridgewood Board of Education v. N.E., 172 F.3d 238, 253 (3d Cir.1997)).

The court finds defendant's argument unpersuasive. The complaint alleges that P.W. "Is a handicapped person who has a mental impairment which substantially limits his life activities." (Complt. at ¶ 28). Defendants also allegedly "denied" P.W. a "meaningful education benefit." (Id.). Thus, even if the claim does

7

not specifically allege "discrimination" solely on the basis of disability, it certainly avers that P.W. was denied his right to an education protected by federal law. This assertion meets the requirement that the plaintiff establish that "he was excluded from participation in, denied the benefits of. . . the school." Andrew M., 490 F.3d at 350. The Third Circuit has explained that: "when a state fails to provide a disabled child with a free and appropriate education, it violates the IDEA. However, it also violates the RA because it is denying a disabled child a guaranteed education merely because of the child's disability." Id. Moreover, the court finds the plaintiff has alleged that the district made its decision to deny P.W. a FAPE because of his disability. While plaintiffs might have offered more facts in their complaint, the court can reasonably infer that the decision made by the hearing officer, combined with allegations that represents a plausible inference of illegal discrimination based solely on a disability. As such, the court will deny the motion to dismiss on this point.

### ii. IDEA

The Department also insists that plaintiffs' claims under the IDEA must be dismissed, as plaintiffs cannot demonstrate that the Department was a party to the underlying due process hearing. The Department contends that plaintiffs have also failed to plead with sufficient particularity the allegation that PDE failed to supervise, enforce or monitor the District. Moreover, since PDE did not participate in the administrative proceedings, plaintiffs cannot bring their claims for the first time to this court.

IDEA requires that a State Education Agency ("SEA") such as PDE ensure

8

that the IDEA's regulations are carried out and:

> That each educational program for children with disabilities administered within the State, including each program administered by any other State or local agency . . .
> (i) Is under the general supervision of the persons responsible for educational programs for children with disabilities in the SEA; and
> (ii) Meets the educational standards of the SEA (including the requirements of this part) . . .
> (b) The State must have in effect polices and procedures to ensure that it complies with the monitoring and enforcement requirements [.]

34 C.F.R. 300.149.

The complaint avers that "PDE provided direct supervision and monitoring to the school district regarding" P.W. "over the course of the previous . . . school year." (Complt. at ¶ 25) Moreover, "PDE . . . provided no supervision or monitoring to the school district regarding [P.W.] over the course of the 2007-2008 school year." (Id. at ¶ 26). Thus, "PDE failed to monitor or supervise the school district regarding the provision of FAPE to P.W" and "failed to enforce the provision of the IDEA regarding P.W." (Id. at ¶¶ 39-40). These averments do more than simply recite the elements of an IDEA claim. Combined with allegations that P.W. did not receive the education to which he was entitled, they represent an allegation of factual conduct that allows the court to make a reasonable inference that the PDE had failed to establish "procedures to ensure that it complies with the monitoring and enfrocement requirements." The court will thus deny the motion to dismiss on this point.

### iii. Section 1983

Plaintiffs have also brought their claims pursuant to Section 1983. Defendant

9

argues that both the RA and the IDEA provide comprehensive remedial schemes, and plaintiffs cannot use Section 1983 as a substitute for those schemes or as a means of avoiding exhaustion requirements under the IDEA. The plaintiffs agree that their Section 1983 claim should be dismissed. The court will therefore grant this portion of the motion as unopposed.

### iv. Attorney's Fees

Defendant also contends that plaintiffs cannot recover attorney's fees and costs. First, they contend, defendant has not stated a claim pursuant either to the Rehabilitation Act or the IDEA against it, and thus plaintiffs cannot recover attorney's fees. Plaintiffs have also not brought a Section 1983 action against the Department, and thus defendant cannot be liable for fees related to that claim. Further, the law prevents plaintiffs from recovering attorney's fees for the earlier administrative action. In any case, PDE was not a party to that action and thus not liable for fees related to it.

The court will not grant the motion on those grounds as we have concluded that it is inappropriate to dismiss the IDEA and RA claims.

Alternatively, PDE claims that PW seeks attorneys fees for the administrative hearings that have been held. PDE asserts that it was not a party to these hearings and therefore cannot be held liable for attorneys fees associated with them. The court finds it premature to dismiss the claim for attorneys fees on this cause and will deny the motion to dismiss on this issue without prejudice to PDE raising the issue again in a motion for summary judgment.

10

### C. The District's Motion

The Defendant District also moves to dismiss of plaintiffs' claim. The court will address each ground for that motion in turn.

#### i. ADA

The district argues that the court should dismiss plaintiffs' ADA claim. An ADA discrimination claim proceeds under the same standard as a Rehabilitation Act Claim. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, *32 (3d Cir. 2009).[1] Thus, "[t]o prevail on a violation of either of those statutes, the [plaintiffs] had to demonstrate that [P.W.] (1) has a disability; (2) was otherwise qualified to participate in a school program; and (3) was denied the benefits of the program or was otherwise subject to discrimination because of her disability." Id. at 32-33. The court has already found that plaintiffs have stated a claim under the Rehabilitation Act. As such, they have stated an ADA claim.[2]

Defendant argues that the ADA claim is unavailable because the claims brought in Count IV pertaining to the ADA were not litigated in the state proceeding,

---

[1]The court's electronic database does not yet provide page citations to the official reporter.

[2]In its brief, the district argues that there are different requirements for a FAPE under the IDEA and the RA, and that a violation of the IDEA because of a deficient FAPE would not necessarily constitute a violation of the RA. The district points out that "[i]n the case at bar, there is no evidence in the record, nor any decision from the hearing officer regarding whether or not Patrick's program constituted a FAPE under § 504." (District's Brief (Doc. 20) at 6). An argument about the sufficiency of the evidence of record is not appropriate at the motion-to-dismiss stage. At this point, it is enough that plaintiffs have stated a claim. They are not required to produce the evidence that supports their claim before engaging in discovery.

11

and thus administrative remedies have not been exhausted. Exhaustion is a requirement in suits involving the IDEA. "The IDEA requires, in section 1415(e)(2), that an aggrieved party must invoke a state's administrative procedures before brining an IDEA claim in state or federal court." Jeremy H. by Hunter v. Mount Lebanon Sch. Dist., 95 F.3d 272, 281 (3d Cir. 1996). The IDEA extends this exhaustion requirement to claims brought under other statutes, such as the ADA, when those claims "'seek relief that is also available under this subchapter.'" Id. (quoting 20 U.S.C. § 1415(f)). The purpose of that provision is to "[bar] plaintiffs from circumventing IDEA's exhaustion requirement by taking claims that could have been brought under IDEA and repackaging them as claims under some other statute–e.g., section 1983, section 504 of the Rehabilitation Act, or the ADA." Id. Still, "the exhaustion requirement is limited to actions seeking relief 'also available' under IDEA." Matula, 67 F.3d at 496. Thus, "by its plain terms § 1415(f) does not require exhaustion where the relief sought is unavailable in an administrative proceeding." Id.

The defendant does not contend that plaintiffs failed to exhaust their administrative remedies with respect to their IDEA claim. Instead, they argue that plaintiffs' ADA claim could have been brought as an IDEA claim and was not. As such, defendant insists, the claim is barred. Here, however, plaintiffs seek compensatory damages under the ADA and RA for defendant's failure to provide a FAPE. (See Complt., Prayer for Relief at ¶ A). The Third Circuit Court of Appeals has recently held that "compensatory and punitive damages are not an available

12

remedy under the IDEA." Chambers, 587 F.3d at *22. Since the law provides that "the exhaustion requirement is limited to actions seeking relief 'also available' under IDEA," the court finds that exhaustion was not necessary here on plaintiff's ADA and RA claims. Matula, 67 F.3d at 486. The court will deny the motion on these grounds.

### ii. Rehabilitation Act

Defendant argues that plaintiffs' RA claim should be dismissed for essentially the same reasons the Department does. For the reasons stated above, the court will deny the defendant's motion to dismiss plaintiff's Rehabilitation Act claim.[3]

### iv. Section 1983

The parties agree that plaintiffs' section 1983 claims against the district should be dismissed. The court will therefore grant the motion on that point.

### v. Attorney's Fees

The District also seeks dismissal of plaintiffs' claim for attorney's fees. The claim, the district contends, is not ripe. No final decision has been made on any of plaintiff's claims. Moreover, plaintiffs have not submitted evidence upon which the court could justify an award of fees and costs. Much of defendant's argument in this instance focuses on the amount of fees for which plaintiffs would be eligible and the means by which they would be calculated.

The court finds it plausible that plaintiffs could obtain attorney's fees by

---

[3]Much of the District's argument on the Rehabilitation Act claim focuses on the quality and presence of the evidence in the record. The court declines to convert the instant motion into one for summary judgment, since discovery is necessary to examine the motivations of the defendants for their decisions about P.W.'s education.

13

prevailing on the claims here in question. The court will therefore reserve judgment on defendant's arguments about how those fees should be calculated or determined. At this stage in the litigation, dismissal or reduction of fees would be premature. The court will deny the motion on this point.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| P.W., a minor; : | No. 3:09cv480 |
| J.W. Individually and as Parent : | |
| and Natural Guardian of P.W.; : | (Judge Munley) |
| and PATRICIA W., Individually : | |
| and as Parent and Natural : | |
| Guardian of P.W., : | |
|     Plaintiffs : | |
| : | |
| v. : | |
| : | |
| DELAWARE VALLEY SCHOOL : | |
| DISTRICT; and : | |
| PENNSYLVANIA DEPARTMENT : | |
| OF EDUCATION, : | |
|     Defendants : | |

## ORDER

**AND NOW**, to wit, this 29th day of December 2009, the defendants' motions to dismiss are hereby **GRANTED** in part and **DENIED** in part, as follows:

    1. The Defendant Department's motion to dismiss (Doc. 14) is **GRANTED** with respect to plaintiffs' claims brought pursuant to 42 U.S.C. § 1983 and **DENIED** in all other respects;

    2. The Defendant District's motion to dismiss (Doc. 19) is **GRANTED** with respect to plaintiffs' claims brought pursuant to 42 U.S.C. § 1983 and **DENIED** in all other respects.

BY THE COURT:


s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**